IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON FORSYTH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NHC PLACE/ANNISTON, LLC, INC., )<br>)<br>Defendant. ) | Case No. 1:18-CV-00663- KOB |

## MEMORANDUM OPINION

This case is before the court on Defendant NHC Place/Anniston, LLC, Inc.'s ("NHC Place") motion to dismiss Plaintiff Sharon Forsyth's state law claim under the Alabama Age Discrimination in Employment Act, §§ 25-1-20 to -29, ("AADEA"), as duplicative of her federal claim under the Age Discrimination in Employment Act, §§ 29 U.S.C. 621–34, ("ADEA"). (Doc. 7). Defendant NHC Place asserts that § 25-1-29 expressly prohibits bringing simultaneous claims under the ADEA and the AADEA. (Doc. 7, at 2). Ms. Forsyth counters that § 25-1-29 only prohibits simultaneous proceedings in federal and state courts. (Doc. 9, at ¶ 2). The parties now move this court to interpret the statutory language of Alabama Code § 25-1-29 (1975). For the following reasons, this court interprets the statutory language to prohibit simultaneous claims under the ADEA and AADEA and will GRANT Defendant's motion to dismiss Count I of Plaintiff's complaint as to the claim under the AADEA. Plaintiff will be permitted to proceed on Count I as to her ADEA claim.

    **I. Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide a "'short

and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Factual Background

Plaintiff Sharon Forsyth brought this age discrimination action against Defendant NHC Place under the ADEA and the AADEA. Defendant's motion to dismiss does not raise any factual questions and does not challenge the legal sufficiency of Ms. Forsyth's complaint in stating a claim for relief under either the ADEA *or* the AADEA. Rather, NHC Place asks this court to resolve a purely legal question and to interpret the AADEA to prohibit simultaneous claims under the ADEA *and* AADEA.

## III. Discussion

Questions of statutory interpretation are questions of law. *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1139 (11th Cir. 1992) (citing *Young v. Commissioner*, 926 F.2d 1083, 1089

(11th Cir. 1991)). The question of law before the court is one of pure statutory interpretation and therefore is appropriate for review under a motion to dismiss.

Alabama Code § 25-1-29 either permits or prevents Ms. Forsyth from bringing the Alabama ADEA claim in addition to her federal ADEA claim. The relevant portion of the Alabama statute at issue reads as follows:

> Any person aggrieved may elect to pursue their remedies under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act 29 U.S.C. Section 621 or in the alternative bring a civil action in the circuit court of the county in which the person was or is employed for such legal or equitable relief as will effectuate the purposes of this article. However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice.

Ala. Code § 25-1-29 (1975).

The Eleventh Circuit has yet to address whether § 25-1-29 permits simultaneous claims under the ADEA and AADEA, but judges in the Northern District of Alabama and the Middle District of Alabama have come to contrary conclusions. The Middle District addressed the issue first in *Wallace v. Jim Walter Homes, Inc.*, when Judge Myron Thompson concluded "the statute expresses an intent to avoid redundant adjudications of the same dispute in two separate fora . . . to conserve the judicial resources of Alabama state courts, not to make claims unavailable for simultaneous pursuit in a single forum." 68 F. Supp. 2d 1303, 1304 (M.D. Ala. 1999). Several Middle District of Alabama Magistrate Judges have reached the same conclusion, often deferring to the initial analysis of the *Wallace* decision and allowing simultaneous claims under the ADEA and AADEA to move forward together. *See McDowell v. Massey Auto*, No. 2:16-CV-3-MHT-WC, 2017 WL 2624226, at *14 (M.D. Ala. May 15, 2017); *Capizzi v. Rheem Mfg. Co.*, No. 2:15-CV-276-PWG, 2016 WL 4238641, at *3 (M.D. Ala. Aug. 9, 2016); *Redmon v. Massey Auto*, No. 2:13-CV-313-SRW, 2014 WL 2855023, at *11 n. 17 (M.D. Ala. Sept. 29, 2014).

Judges in the Northern District of Alabama have consistently reached the opposite conclusion. In *Henry v. Jefferson County Personnel Board*, Judge David Proctor concluded that "the plain language of the Alabama Age Act forces a plaintiff choose *either* suit under the ADEA *or, in the alternative,* suit under the Alabama Age Act." 519 F. Supp. 2d 1171, 1185–86 (N.D. Ala. 2007) (emphasis in original). In a later case, Magistrate Judge John Ott considered both Judge Proctor's analysis in *Henry* and Judge Thompson's analysis in *Wallace* and found Judge Proctor's reasoning to be more persuasive. *Collins v. Compass Group, Inc.*, 965 F. Supp. 2d 1321, 1330–1331 (N.D. Ala. 2013) (Report and Recommendation adopted by Judge Abdul Kallon). Finally, Judge C. Lynwood Smith, relying on *Collins*, has twice ruled to prohibit simultaneous claims. *Howard v. Highlands Med. Ctr.*, No. 5:15-CV-00393-CLS, 2015 WL 4730079, at *3–4 (N.D. Ala. Aug 10, 2015); *King v. Adtran*, No. 5:13-CV-1362-CLS, 2014 WL 6983312, at *6 (N.D. Ala. Dec. 10, 2014).

"The starting point for all statutory interpretation is the language of the statute itself." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). The statutory language provides that plaintiffs can "elect to pursue their remedies under [the federal ADEA] *or in the alternative* bring a civil action in the circuit court of the county in which the person was or is employed for such legal or equitable relief as will effectuate the purposes of this article." Ala. Code § 25-1-29 (1975) (emphasis added). The statute confusingly compares pursuing remedies in a federal court pursuant to Title VII and the ADEA with pursuing "a civil action" in a state court, obfuscating whether the legislature intended to create an alternative remedy or to merely avoid claim-splitting between federal and state courts.

Reading the statute as a whole, this court agrees with the decisions of my colleagues in the Northern District of Alabama. The statute intends to create an alternative remedy, not merely

to avoid redundant adjudications. Specifically, the statute says that a plaintiff's AADEA claims pending in state court shall be "dismissed *with prejudice*" upon that plaintiff filing a claim in federal court under the ADEA. Ala. Code § 25-1-29 (1975) (emphasis added). An Alabama court's dismissal with prejudice acts as a final adjudication on the merits and forecloses the possibility of bringing identical claims in a federal court. *See* Ala. R. Civ. P. 41(b); *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1306, 1308 (11th Cir.). If the Alabama legislature intended the statute to avoid redundant adjudications, dismissal *without prejudice* would accomplish that goal by forcing the plaintiff to consolidate her claims into one court. Dismissal *with prejudice*, on the other hand, implies an intent to create an alternative remedy for age discrimination claims under Alabama state law—one that cannot be brought alongside a federal ADEA claim.

The entirety of the statute persuades this court to interpret § 25-1-29 to mean that plaintiffs must "elect to pursue their remedies under [the federal ADEA] *or in the alternative*" bring a state law claim under the AADEA.

### IV. Conclusion

For the reasons discussed above, the court will GRANT Defendant NHC Place's motion to dismiss and will DISMISS WITH PREJUDICE Plaintiff Sharon Forsyth's age discrimination claim under the Alabama Age Discrimination in Employment Act in Count I. Ms. Forsyth may still proceed on her federal Age Discrimination in Employment Act claim also in Count I.

The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 10th day of October, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE